## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| RANDY RHOADES,<br><br>                    Plaintiff,<br><br>vs.<br><br>SENTINEL INSURANCE COMPANY, LTD.,<br><br>                    Defendant. | NO. 4:23-cv-78<br><br>Clarke County District Court Case No.<br>CVCV013056<br><br>**DEFENDANT'S NOTICE OF<br>REMOVAL** |

COMES NOW Defendant, by and through the undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1367(a), 1441(a) and 1446(b)(3), and hereby removes the above-captioned case from the Iowa District Court for Clarke County to the United States District Court, Southern District of Iowa, Central Division. In support of removal, Defendant states the following:

1.     This action was originally filed in the Iowa District Court for Clarke County by the Plaintiff on or about January 13, 2023.  An Amended Petition was filed on February 23, 2023.

2.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, a copy of the Original Notice, Petition, Amended Original Notice and Amended Petition are attached as Exhibit 1.

3.     Defendant was served with the Petition in this matter on January 23, 2023. A copy of the return of service is attached hereto as Exhibit 2. Defendant was served with the Amended Petition on February 24, 2023 via email.  Defendant has not yet Answered the Petition.  A copy of the appearance filed by counsel on behalf of the Defendant is attached hereto as Exhibit 3.

4.     This case may be removed from the Iowa District Court for Clarke County to

this Court pursuant to 28 U.S.C. § 1332 and 1446(b)(3).  The United States District Court has original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs between citizens of different states.

5.      This is a civil action in which Plaintiff is seeking judgment relating to alleged bad faith conduct on behalf of the Defendant insurance company in handling Plaintiff's workers' compensation claim.

6.      Pursuant to 28 U.S.C. § 1367(a), the United States District Court has supplemental jurisdiction over Plaintiff's related state law claims.

7.      The acts of which Plaintiff complains is alleged to have occurred in Clarke County, Iowa.

8.      The time for filing this notice of removal has not expired because thirty (30) days have not passed since February 23, 2023, the date on which Plaintiff filed the amended petition.  In addition, Defendant learned that the alleged amount in controversy exceeded $75,000 less than thirty (30) days prior to this filing.

9.      Defendant has not been served with, and is not aware of any other process, pleadings, and/or orders in the action pending in the Iowa District Court for Clarke County, other than those attached herein as Exhibits 4 and 5.  Exhibit 4 is Plaintiff's Motion for Leave to Amend.  Exhibit 5 is the Order Granting Leave.

10.     Pursuant to Local Rule 81(a), Defendant states that this is the only matter currently pending in the state court that will require resolution.

11.     Counsel that has appeared on behalf of the Plaintiffs in state court is:

Dustin M. Mueller
2711 Grand Ave.
Des Moines, IA  50312
Telephone: (515) 444-4000

Dustin.Mueller@IowaLawyers.com

12.     This Notice of Removal is being served upon Plaintiff's counsel by electronic mail and is being filed with the Clerk of the Iowa District Court for Clarke County.

**WHEREFORE**, Defendant Sentinel Insurance Company, Ltd. gives notice that the above-captioned action now pending in the Iowa District Court for Clarke County is removed therefrom to the United States District Court for the Southern District of Iowa, Central Division.

Respectfully submitted,

Timothy A. Clausen   #AT0001554
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA  51106
clausen@klasslaw.com
WWW.KLASSLAW.COM
712-252-1866
712-252-5822 fax
ATTORNEYS FOR DEFENDANT
SENTINEL INSURANCE COMPANY, LTD.

Copy to:
Dustin M. Mueller
2711 Grand Ave.
Des Moines, IA  50312

CERTIFICATE OF SERVICE
The undersigned certifies that the foregoing
instrument was served upon all parties to the
above cause to each of the attorneys of record
herein at their respective addresses disclosed
on the pleading on February 28, 2023
By: _____ U.S. Mail          _____ facsimile
     _____ Hand delivered     _____ Overnight courier
     __x_ Email               __x_ ECF

Signature /s/ Donna Poznanski

## IN THE IOWA DISTRICT COURT FOR CLARKE COUNTY

| | |
|---|---|
| RANDY RHOADES, | Case No.:   CVCV013056 |
| Plaintiff, | |
| vs. | |
| HARTFORD ACCIDENT AND INDEMNITY COMPANY, | **ORIGINAL NOTICE** |
| Defendant. | |

**TO THE ABOVE-NAMED DEFENDANTS:**

You are hereby notified that there is now on file in the office of the clerk of the above court a petition at law naming you as a defendant in the above-entitled action, a copy of the Petition at Law and Jury Demand is attached hereto. The Plaintiff's attorney is Dustin Mueller, of Mueller, Schmidt, Mulholland & Cooling, P.L.L.C., whose address is 2711 Grand Avenue, Des Moines, Iowa 50312. The attorney's phone number is (515) 444-4000 and facsimile number is (515) 635-0082.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days of service of this original notice is upon you, you serve, and within a reasonable time thereafter, file a motion or answer in the Iowa District Court for Clarke County, at the courthouse in Osceola, Iowa, judgment by default will be rendered against you for the relief demanded in the petition. Please see Iowa Court rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in the court filings.

If you need assistance to participate in court due to a disability, call the disability coordinator at (712) 279-6035. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

_____
**CLERK OF THE ABOVE COURT**
Clarke County Courthouse
100 S Main St.
Osceola, IA 50213

**EXHIBIT**

**1**

# Iowa Judicial Branch

| | |
| --- | --- |
| *Case No.* | **CVCV013056** |
| *County* | **Clarke** |

*Case Title*   RANDY RHOADES V. HARTFORD ACCIDENT & INDEMNITY CO.

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **01/13/2023 02:11:45 PM**



*District Clerk of Court or/by Clerk's Designee of* Clarke      *County*
**/s/ Lindsey Rissi**

IN THE IOWA DISTRICT COURT IN AND FOR CLARKE COUNTY

| | |
|---|---|
| RANDY RHOADES, | Case No.:   CVCV013056 |
| Plaintiff, | |
| vs. | **PETITION AT LAW** |
| | **AND** |
| HARTFORD ACCIDENT AND INDEMNITY COMPANY, | **JURY DEMAND** |
| Defendant. | |

COMES NOW the Plaintiff, Randy Rhoades, and submits his claims against the Defendant herein.  In support thereof, Randy Rhoades, states the following:

## GENERAL ALLEGATIONS

1. ·     At all times material hereto, Plaintiff Randy Rhoades ("Plaintiff Rhoades"), was and is an individual and resident of the State of Iowa.

2.     At all times material hereto, Defendant Hartford Accident and Indemnity Company ("Defendant") was and is a corporation incorporated under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut and authorized to do business in the State of Iowa.

3.     The amount in controversy exceeds the jurisdictional requirements of the Iowa District Court in and for Clarke County.

## FACTUAL ALLEGATIONS

4.     At all times material hereto, Plaintiff Rhoades worked for Altec Industries Inc. ("Altec") at its factory location in Osceola, Clarke County, Iowa.

5.     Plaintiff Rhoades began work for Altec on August 15, 2016, as a technician assistant for various departments.

6.    Through the course of his employment, Plaintiff Rhoades was routinely exposed to chemicals such as: styrene, resin, MEKP-9, and acetone.

7.    Defendant is Altec's workers' compensation insurance carrier.

8.    On February 2, 2022, while in the course and scope of performing his work duties as an employee of Altec, Plaintiff Rhoades began experiencing respiratory problems.

9.    Plaintiff Rhoades was placed on medical leave beginning February 3, 2022, due to his respiratory illness.

10.   Plaintiff Rhoades presented to Broadlawns Medical Center in Des Moines, Iowa on February 3, 2022, and was examined by Dr. Randy Maigaard.

11.   On February 10, 2022, Dr. Maigaard provided a letter summarizing Plaintiff Rhoades' medical condition at said time.

12.   At said time, Dr. Maigaarrd recommended that Plaintiff Rhoades remain off work and proceed with a lung biopsy.

13.   Plaintiff Rhoades remained off work and received short-term disability from February 22, 2022, through March 11, 2022.

14.   On March 29, 2022, following an open lung biopsy, treating pulmonologist Dr. Jason Wittmer diagnosed Plaintiff Rhoades with constrictive bronchiolitis and opined it was due to occupational exposures.

15.   On April 14, 2022, Plaintiff Rhoades reported his work injury to Breanna Sullivan, EH&S Manager at Altec and Michelle St. John at Altec.

16.   On April 18, 2022, an incident and protocol report was completed for said injury.

17.   At said time, Plaintiff Rhoades remained off work and continued to treat at Broadlawns medical center in Des Moines, Iowa.

18.    On April 18, 2022, Plaintiff Rhoades' workers' compensation attorney, Connor Mulholland ("Attorney Mulholland"), mailed Altec a letter of representation via certified mail.

19.    Attorney Mulholland's letter notified Altec of Plaintiff Rhoades' alleged injuries which arose out of and in the course of his employment and requested Altec immediately report this matter to their workers' compensation insurance carrier.

20.    Attorney Mulholland's letter of representation was received by Altec on April 21, 2022.

21.    Attorney Mulholland did not receive a response to said letter of representation.

22.    Attorney Mulholland filed Plaintiff Rhoades' workers' compensation Original Notice and Petition on May 17, 2022.

23.    Defendant's workers' compensation attorney, Jane Lorentzen ("Attorney Lorentzen"), filed an appearance to Plaintiff Rhoades' Original Notice and Petition on May 23, 2022.

24.    On June 13, 2022, two (2) months after Plaintiff Rhoades notified Altec of his injury, Attorney Lorentzen stated Plaintiff Rhoades' discovery answers and deposition were needed before determining whether or not the claim was accepted.

25.    On June 29, 2022, Attorney Mulholland served Attorney Lorentzen with records from Broadlawns Medical Center containing treating pulmonologist Dr. Jason Wittmer's diagnosis and opinion.

26.    On July 12, 2022, Attorney Mulholland served Attorney Lorentzen with additional medical records related to Plaintiff Rhoades' injuries.

27.    Plaintiff Rhoades' provided answers to Defendant's interrogatories on August 24, 2022.

28.   Plaintiff Rhoades' deposition was taken on August 25, 2022.

29.   On August 30, 2022, Defendant's had not provided a basis as to why Plaintiff Rhoades' claim was denied.

30.   On August 30, 2022, Attorney Mulholland requested that Attorney Lorentzen provide a reasonable basis for why the claim was being denied despite records from the treating pulmonologist indicating Plaintiff Rhoades' condition was causally connected to his employment.

31.   On August 31, 2022, Attorney Mulholland filed an amended Original Notice and Petition.

32.   On September 6, 2022, Attorney Mulholland provided Attorney Lorentzen a letter from Dr. Jason Witmer again opining that Plaintiff Rhoades' constrictive bronchiolitis was causally-related to his employment with Altec.

33.   At said time, Plaintiff Rhoades had been off work for twenty (20) weeks without receiving any weekly workers' compensation benefits.

34.   On September 9, 2022, Attorney Mulholland requested that Attorney Lorentzen provide a reasonable basis for why the claim was being denied despite medical evidence indicating Plaintiff Rhoades' medical condition was causally connected to his employment.

35.   On September 16, 2022, Attorney Lorentzen filed an amended answer to Plaintiff Rhoades' amended original notice and petition denying Plaintiff Rhoades' claim.

36.   On September 21, 2022, Attorney Mulholland requested that Attorney Lorentzen provide a reasonable basis for why the claim was being denied.

37.     On September 26, 2022, Attorney Lorentzen responded to Attorney Mulholland in a letter stating that Defendants were planning to submit Plaintiff Rhoades to an independent medical examination with Dr. Kuhnlein.

38.     On September 27, 2022, Attorney Mulholland requested Attorney Lorentzen provide details of when the appointment was scheduled.

39.     On September 27, 20222, Attorney Lorentzen responded no appointment had been scheduled.

40.     On October 13, 2022, Attorney Mulholland notified Attorney Lorentzen that Plaintiff Rhoades was dissatisfied with the lack of care that was being offered and provided notice to Attorney Lorentzen of Plaintiff Rhoades' alternate medical care petition.

41.     Attorney Mulholland filed Plaintiff Rhoades' alternate medical care petition on October 13, 2022, alleging Defendant's failed to provide any care pursuant to Iowa Code Section 85.27 after having notice of a work injury from February 2, 2022.

42.     On October 24, 2022, Attorney Lorentzen answered Plaintiff Rhoades' alternate medical care petition denying compensability for the injury.

43.     On October 24, 2022, Attorney Lorentzen notified Attorney Mulholland that Defendants scheduled Plaintiff Rhoades for an appointment with Dr. Kuhnlein on April 5, 2023, three hundred and seventy-six days (376) after Plaintiff Rhoades initially notified Altec of a work injury.

44.     On October 25, 2022, Deputy Andrew Phillips entered an order dismissing Plaintiff Rhoades' alternate medical care petition due to a denial of liability by the Defendant's.

45.     On January 6, 2023, Attorney Mulholland provided an additional medical opinion from Dr. Patrick Hartley opining Plaintiff Rhoades' constrictive bronchiolitis was related to his occupational exposures to chemicals used in the course of his employment at Altec.

## COUNT I: BAD FAITH

46.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

47.     Defendant did not exercise reasonably good faith to investigate Plaintiff Rhoades' February 2, 2022, reported work injury.

48.     Defendant did not exercise reasonably good faith in meeting their obligation to provide weekly compensation benefits due to Plaintiff Rhoades.

49.     Defendant had no reasonable basis for denying weekly disability payments to Plaintiff Rhoades.

50.     Defendant's disregarded causation opinions of the treating doctors without a reasonable basis.

51.     Defendants did not have a medical basis to deny Plaintiff Rhoades' workers' compensation claim.

52.     All medical evidence suggests that Plaintiff Rhoades' constrictive bronchiolitis was directly related to exposure of chemicals through his work duties.

53.     Defendant knows and should know that its conduct does not have a reasonable basis in fact or law.

54.      Defendant failed to meet the statutory responsibility to investigate, act upon, monitor and otherwise administer and control Mr. Rhoades 2022 workers' compensation claim,

including the obligation to provide weekly compensation and to also provide and manage medical care for Plaintiff Rhoades' injuries.

55.    Plaintiff Rhoades has been without income since reporting the injury on April 14, 2022.

56.    As a result of the Defendant's breach of its duty of good faith as set forth above, Plaintiff Rhoades has been injured, and in such amount, as will be shown at trial herein including, but not limited to, the following:

    a.  Past physical and mental pain and suffering and injury;

    b.  Future physical and mental pain and suffering and injury;

    c.  Past loss of function of mind and body;

    d.  Deprivation of a statutory right afforded to Plaintiff;

    e.  Pain and suffering and mental distress associated with deprivation of the statutory right, loss of time, loss of weekly benefits, and/or treatment;

    f.  Past incurring of expenses, including but not limited to the incurring of attorney fees and expenses;

    g.  Future incurring of expenses, including but not limited to the incurring of attorney fees and expenses;

    h.  In such other ways as will be shown.

57.    The conduct of Defendant in breaching the duty of good faith was sufficiently willful and wanton so as to entitle Plaintiff Rhoades to punitive or exemplary damages.

WHEREFORE Plaintiff, Randy Rhoades, prays for judgment against Defendant, Hartford Accident and Indemnity Company, for compensatory damages in a reasonable and proper amount, for punitive damages in a reasonable and proper amount, plus interest as allowed by law

and costs of this action and for such other and further relief as is just and proper in the circumstances.

## JURY DEMAND

COMES NOW the Plaintiff, Randy Rhoades, and demands a trial by jury for all issues and causes of action that may be appropriately submitted to a jury.

Respectfully Submitted,

*/s/ Dustin M. Mueller*
Dustin M. Mueller AT0011944
Mueller, Schmidt, Mulholland & Cooling, PLLC
2711 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 444-4000
Facsimile: (515) 635-0082
E-mail: Dustin.Mueller@iowalawyers.com
ATTORNEY FOR PLAINTIFF

E-FILED  2023 FEB 24 9:46 AM CLARKE - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR CLARKE COUNTY

| | |
|---|---|
| RANDY RHOADES,<br><br>    Plaintiff,<br><br>vs.<br><br>SENTINEL INSURANCE COMPANY,<br>LTD.,<br><br>    Defendant. | Case No.: CVCV013056<br><br><br>**AMENDED**<br>**ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANTS:** Sentinel Insurance Company, LTD.

You are hereby notified that there is now on file in the office of the clerk of the above court a petition at law naming you as a defendant in the above-entitled action, a copy of the Petition at Law and Jury Demand is attached hereto. The Plaintiff's attorney is Dustin Mueller, of Mueller, Schmidt, Mulholland & Cooling, P.L.L.C., whose address is 2711 Grand Avenue, Des Moines, Iowa 50312. The attorney's phone number is (515) 444-4000 and facsimile number is (515) 635-0082.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days of service of this original notice is upon you, you serve, and within a reasonable time thereafter, file a motion or answer in the Iowa District Court for Clarke County, at the courthouse in Osceola, Iowa, judgment by default will be rendered against you for the relief demanded in the petition. Please see Iowa Court rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in the court filings.

If you need assistance to participate in court due to a disability, call the disability coordinator at (712) 279-6035. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**


_____
**CLERK OF THE ABOVE COURT**
Clarke County Courthouse
100 S Main St.
Osceola, IA 50213

E-FILED  2023 FEB 24 9:52 AM CLARKE - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.* **CVCV013056**

*County* **Clarke**

*Case Title*    RANDY RHOADES V. HARTFORD ACCIDENT & INDEMNITY CO.

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **02/24/2023 09:52:19 AM**



*District Clerk of Court or/by Clerk's Designee of* Clarke      *County*

**/s/ Magali Cordova**

IN THE IOWA DISTRICT COURT IN AND FOR CLARKE COUNTY

| | |
|---|---|
| RANDY RHOADES, | Case No.: CVCV013056 |
| Plaintiff, | |
| vs. | **AMENDED PETITION AT LAW AND JURY DEMAND** |
| SENTINEL INSURANCE COMPANY, LTD., | |
| Defendant. | |

COMES NOW the Plaintiff, Randy Rhoades, and submits his claims against the Defendant herein.  In support thereof, Randy Rhoades, states the following:

## GENERAL ALLEGATIONS

1.      At all times material hereto, Plaintiff Randy Rhoades ("Plaintiff Rhoades"), was and is an individual and resident of the State of Iowa.

2.      At all times material hereto, Defendant Sentinel Insurance Company, Ltd. ("Defendant") was and is a corporation incorporated under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut and authorized to do business in the State of Iowa.

3.      The amount in controversy exceeds the jurisdictional requirements of the Iowa District Court in and for Clarke County.

## FACTUAL ALLEGATIONS

4.      At all times material hereto, Plaintiff Rhoades worked for Altec Industries Inc. ("Altec") at its factory location in Osceola, Clarke County, Iowa.

5.      Plaintiff Rhoades began work for Altec on August 15, 2016, as a technician assistant for various departments.

E-FILED 2023 FEB 23 9:37 AM CLARKE - CLERK OF DISTRICT COURT

6.     Through the course of his employment, Plaintiff Rhoades was routinely exposed to chemicals such as: styrene, resin, MEKP-9, and acetone.

7.     Defendant is Altec's workers' compensation insurance carrier.

8.     On February 2, 2022, while in the course and scope of performing his work duties as an employee of Altec, Plaintiff Rhoades began experiencing respiratory problems.

9.     Plaintiff Rhoades was placed on medical leave beginning February 3, 2022, due to his respiratory illness.

10.     Plaintiff Rhoades presented to Broadlawns Medical Center in Des Moines, Iowa on February 3, 2022, and was examined by Dr. Randy Maigaard.

11.     On February 10, 2022, Dr. Maigaard provided a letter summarizing Plaintiff Rhoades' medical condition at said time.

12.     At said time, Dr. Maigaarrd recommended that Plaintiff Rhoades remain off work and proceed with a lung biopsy.

13.     Plaintiff Rhoades remained off work and received short-term disability from February 22, 2022, through March 11, 2022.

14.     On March 29, 2022, following an open lung biopsy, treating pulmonologist Dr. Jason Wittmer diagnosed Plaintiff Rhoades with constrictive bronchiolitis and opined it was due to occupational exposures.

15.     On April 14, 2022, Plaintiff Rhoades reported his work injury to Breanna Sullivan, EH&S Manager at Altec and Michelle St. John at Altec.

16.     On April 18, 2022, an incident and protocol report was completed for said injury.

17.     At said time, Plaintiff Rhoades remained off work and continued to treat at Broadlawns medical center in Des Moines, Iowa.

18.     On April 18, 2022, Plaintiff Rhoades' workers' compensation attorney, Connor Mulholland ("Attorney Mulholland"), mailed Altec a letter of representation via certified mail.

19.     Attorney Mulholland's letter notified Altec of Plaintiff Rhoades' alleged injuries which arose out of and in the course of his employment and requested Altec immediately report this matter to their workers' compensation insurance carrier.

20.     Attorney Mulholland's letter of representation was received by Altec on April 21, 2022.

21.     Attorney Mulholland did not receive a response to said letter of representation.

22.     Attorney Mulholland filed Plaintiff Rhoades' workers' compensation Original Notice and Petition on May 17, 2022.

23.     Defendant's workers' compensation attorney, Jane Lorentzen ("Attorney Lorentzen"), filed an appearance to Plaintiff Rhoades' Original Notice and Petition on May 23, 2022.

24.     On June 13, 2022, two (2) months after Plaintiff Rhoades notified Altec of his injury, Attorney Lorentzen stated Plaintiff Rhoades' discovery answers and deposition were needed before determining whether or not the claim was accepted.

25.     On June 29, 2022, Attorney Mulholland served Attorney Lorentzen with records from Broadlawns Medical Center containing treating pulmonologist Dr. Jason Wittmer's diagnosis and opinion.

26.     On July 12, 2022, Attorney Mulholland served Attorney Lorentzen with additional medical records related to Plaintiff Rhoades' injuries.

27.     Plaintiff Rhoades' provided answers to Defendant's interrogatories on August 24, 2022.

E-FILED  2023 FEB 23 9:37 AM CLARKE - CLERK OF DISTRICT COURT

28.    Plaintiff Rhoades' deposition was taken on August 25, 2022.

29.    On August 30, 2022, Defendant's had not provided a basis as to why Plaintiff Rhoades' claim was denied.

30.    On August 30, 2022, Attorney Mulholland requested that Attorney Lorentzen provide a reasonable basis for why the claim was being denied despite records from the treating pulmonologist indicating Plaintiff Rhoades' condition was causally connected to his employment.

31.    On August 31, 2022, Attorney Mulholland filed an amended Original Notice and Petition.

32.    On September 6, 2022, Attorney Mulholland provided Attorney Lorentzen a letter from Dr. Jason Witmer again opining that Plaintiff Rhoades' constrictive bronchiolitis was causally-related to his employment with Altec.

33.    At said time, Plaintiff Rhoades had been off work for twenty (20) weeks without receiving any weekly workers' compensation benefits.

34.    On September 9, 2022, Attorney Mulholland requested that Attorney Lorentzen provide a reasonable basis for why the claim was being denied despite medical evidence indicating Plaintiff Rhoades' medical condition was causally connected to his employment.

35.    On September 16, 2022, Attorney Lorentzen filed an amended answer to Plaintiff Rhoades' amended original notice and petition denying Plaintiff Rhoades' claim.

36.    On September 21, 2022, Attorney Mulholland requested that Attorney Lorentzen provide a reasonable basis for why the claim was being denied.

E-FILED  2023 FEB 23 9:37 AM CLARKE - CLERK OF DISTRICT COURT

37.     On September 26, 2022, Attorney Lorentzen responded to Attorney Mulholland in a letter stating that Defendants were planning to submit Plaintiff Rhoades to an independent medical examination with Dr. Kuhnlein.

38.     On September 27, 2022, Attorney Mulholland requested Attorney Lorentzen provide details of when the appointment was scheduled.

39.     On September 27, 20222, Attorney Lorentzen responded no appointment had been scheduled.

40.     On October 13, 2022, Attorney Mulholland notified Attorney Lorentzen that Plaintiff Rhoades was dissatisfied with the lack of care that was being offered and provided notice to Attorney Lorentzen of Plaintiff Rhoades' alternate medical care petition.

41.     Attorney Mulholland filed Plaintiff Rhoades' alternate medical care petition on October 13, 2022, alleging Defendant's failed to provide any care pursuant to Iowa Code Section 85.27 after having notice of a work injury from February 2, 2022.

42.     On October 24, 2022, Attorney Lorentzen answered Plaintiff Rhoades' alternate medical care petition denying compensability for the injury.

43.     On October 24, 2022, Attorney Lorentzen notified Attorney Mulholland that Defendants scheduled Plaintiff Rhoades for an appointment with Dr. Kuhnlein on April 5, 2023, three hundred and seventy-six days (376) after Plaintiff Rhoades initially notified Altec of a work injury.

44.     On October 25, 2022, Deputy Andrew Phillips entered an order dismissing Plaintiff Rhoades' alternate medical care petition due to a denial of liability by the Defendant's.

E-FILED  2023 FEB 23 9:37 AM CLARKE - CLERK OF DISTRICT COURT

45.    On January 6, 2023, Attorney Mulholland provided an additional medical opinion from Dr. Patrick Hartley opining Plaintiff Rhoades' constrictive bronchiolitis was related to his occupational exposures to chemicals used in the course of his employment at Altec.

## COUNT I: BAD FAITH

46.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

47.    Defendant did not exercise reasonably good faith to investigate Plaintiff Rhoades' February 2, 2022, reported work injury.

48.    Defendant did not exercise reasonably good faith in meeting their obligation to provide weekly compensation benefits due to Plaintiff Rhoades.

49.    Defendant had no reasonable basis for denying weekly disability payments to Plaintiff Rhoades.

50.    Defendant's disregarded causation opinions of the treating doctors without a reasonable basis.

51.    Defendants did not have a medical basis to deny Plaintiff Rhoades' workers' compensation claim.

52.    All medical evidence suggests that Plaintiff Rhoades' constrictive bronchiolitis was directly related to exposure of chemicals through his work duties.

53.    Defendant knows and should know that its conduct does not have a reasonable basis in fact or law.

54.    Defendant failed to meet the statutory responsibility to investigate, act upon, monitor and otherwise administer and control Mr. Rhoades 2022 workers' compensation claim,

E-FILED  2023 FEB 23 9:37 AM CLARKE - CLERK OF DISTRICT COURT

including the obligation to provide weekly compensation and to also provide and manage medical care for Plaintiff Rhoades' injuries.

55.     Plaintiff Rhoades has been without income since reporting the injury on April 14, 2022.

56.     As a result of the Defendant's breach of its duty of good faith as set forth above, Plaintiff Rhoades has been injured, and in such amount, as will be shown at trial herein including, but not limited to, the following:

    a.   Past physical and mental pain and suffering and injury;

    b.   Future physical and mental pain and suffering and injury;

    c.   Past loss of function of mind and body;

    d.   Deprivation of a statutory right afforded to Plaintiff;

    e.   Pain and suffering and mental distress associated with deprivation of the statutory right, loss of time, loss of weekly benefits, and/or treatment;

    f.   Past incurring of expenses, including but not limited to the incurring of attorney fees and expenses;

    g.   Future incurring of expenses, including but not limited to the incurring of attorney fees and expenses;

    h.   In such other ways as will be shown.

57.     The conduct of Defendant in breaching the duty of good faith was sufficiently willful and wanton so as to entitle Plaintiff Rhoades to punitive or exemplary damages.

WHEREFORE Plaintiff, Randy Rhoades, prays for judgment against Defendant, Sentinel Insurance Company, Ltd. Accident and Indemnity Company, for compensatory damages in a reasonable and proper amount, for punitive damages in a reasonable and proper amount, plus

interest as allowed by law and costs of this action and for such other and further relief as is just and proper in the circumstances.

## JURY DEMAND

COMES NOW the Plaintiff, Randy Rhoades, and demands a trial by jury for all issues and causes of action that may be appropriately submitted to a jury.

Respectfully Submitted,

/s/ Dustin M. Mueller
Dustin M. Mueller AT0011944
Mueller, Schmidt, Mulholland & Cooling, PLLC
2711 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 444-4000
Facsimile: (515) 635-0082
E-mail: Dustin.Mueller@iowalawyers.com
ATTORNEY FOR PLAINTIFF

E-mailed to:

clausen@klasslaw.com
Timothy A. Clausen
Klass Law Firm, LLP
4280 Sergeant Road Ste. 290
Sioux City, IA 51106
ATTORNEYS FOR DEFENDANT

| CERTIFICATE OF SERVICE |
| --- |
| The undersigned certifies that the foregoing instrument was served upon each of the attorneys of record of all parties to the above-entitled cause herein at their respective addresses disclosed on the pleadings of record on the 23rd day of February 2023. |
| By: ☐ U.S. Mail ☐ FAX<br>☐ Hand Delivered ☐ Overnight Courier<br>☐ Federal Express ☒ E-mail |
| Signature: /s/ Jamie Blankenship |

IN THE IOWA DISTRICT COURT FOR CLARKE COUNTY

Case Number: CVCV013056

| | |
|---|---|
| RANDY RHOADES, | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) |
| | ) |
| HARTFORD ACCIDENT AND INDEMNITY | ) |
| COMPANY, | ) |
| Defendant(s), | ) |

ACCEPTANCE OF SERVICE

---

Service of the foregoing, ORIGINAL NOTICE, PETITION ET AL, is hereby accepted as provided by the law for HARTFORD ACCIDENT AND INDEMNITY COMPANY, defendant named herein, the 23rd of January, 2023.

Commissioner of Insurance

Doug Ommen

**EXHIBIT**
**2**

E-FILED  2023 FEB 27 5:01 PM CLARKE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR CLARKE COUNTY

| | |
|---|---|
| RANDY RHOADES, | NO. CVCV013056 |
| Plaintiff, | **APPEARANCE** |
| vs. | |
| SENTINEL INSURANCE COMPANY, LTD., | |
| Defendant. | |

COMES NOW Timothy A. Clausen of Klass Law Firm, L.L.P., Mayfair Center, Upper Level, 4280 Sergeant Road, Suite 290, Sioux City, Iowa, 51106, and enters his appearance as counsel for the Defendant, Sentinel Insurance Company, Ltd.  The parties and the Clerk of Court are advised to adjust their files accordingly.

Respectfully submitted,

_____
Timothy A. Clausen  #AT0001554
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA  51106
clausen@klasslaw.com
WWW.KLASSLAW.COM
712-252-1866
712-252-5822 fax

ATTORNEYS FOR DEFENDANT

KLASS LAW FIRM,
L.L.P.

1

EXHIBIT
3

E-FILED  2023 FEB 27 5:01 PM CLARKE - CLERK OF DISTRICT COURT

Copy to:

Dustin M. Mueller
2711 Grand Ave.
Des Moines, IA  50312

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing
instrument was served upon all parties to the
above cause to each of the attorneys of record
herein at their respective addresses disclosed
on the pleading on February 27, 2023.

| By: | _____ U.S. Mail | _____ facsimile |
| | _____ Hand delivered | _____ Overnight courier |
| | _____ Email | __X__ ECF |

Signature _____/s/ Timothy A. Clausen_____

**KLASS LAW FIRM,**
**L.L.P.**

E-FILED  2023 FEB 23 9:37 AM CLARKE - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR CLARKE COUNTY

| | |
|---|---|
| RANDY RHOADES, <br><br>    Plaintiff, <br><br> vs. <br><br> HARTFORD ACCIDENT AND INDEMNITY COMPANY, <br><br>    Defendant. | Case No. CVCV013056 <br><br><br> **PLAINTIFF'S MOTION FOR LEAVE TO AMEND** |

**COMES NOW**, the Plaintiff, by and through the undersigned, and for Plaintiff's Motion for Leave to Amend, hereby states the following:

1.    Plaintiff filed an action on January 13, 2023, alleging a bad faith claim against Defendant Hartford Accident and Indemnity Company.

2.    It has come to the undersigned's attention that Defendant Hartford Accident and Indemnity Company was incorrectly named in this action as the responsible insurance carriers.

3.    Plaintiff wishes to amend his petition to properly name Defendant Sentinel Insurance Company, Ltd. as the correct carrier.

4.    Plaintiff's Amended Petition at Law has been electronically filed contemporaneously.

5.    Defendants have not yet filed an answer to this action, but consent to this Amendment.

6.    Rule 1.402(4) of the Iowa Rules of Civil Procedure states: "A party may amend a pleading only be leave of court or by written consent of the adverse party. Leave to

EXHIBIT
4

amend, including leave to amend to conform to the proof, shall be freely given

when justice so requires."

**WHEREFORE,** Plaintiff Randy Rhoades, respectfully requests that the Court grant this

Motion and any further relief the Court deems just and equitable.

Respectfully Submitted,

*/s/ Dustin M. Mueller*
Dustin M. Mueller AT0011944
Mueller, Schmidt, Mulholland & Cooling, PLLC
2711 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 444-4000
Facsimile: (515) 635-0082
E-mail: Dustin.Mueller@iowalawyers.com
ATTORNEY FOR PLAINTIFF

E-mailed to:

*clausen@klasslaw.com*
Timothy A. Clausen
Klass Law Firm, LLP
4280 Sergeant Road Ste. 290
Sioux City, IA 51106
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the attorneys of record of all parties to the above-entitled cause herein at their respective addresses disclosed on the pleadings of record on the 23rd day of February 2023.

By: ☐ U.S. Mail          ☐ FAX
    ☐ Hand Delivered    ☐ Overnight Courier
    ☐ Federal Express   ☒ E-mail

Signature: */s/ Jamie Blankenship*

E-FILED 2023 FEB 23 9:37 AM CLARKE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR CLARKE COUNTY

| | |
|---|---|
| RANDY RHOADES, | Case No.: CVCV013056 |
| Plaintiff, | |
| vs. | **AMENDED PETITION AT LAW AND JURY DEMAND** |
| SENTINEL INSURANCE COMPANY, LTD., | |
| Defendant. | |

COMES NOW the Plaintiff, Randy Rhoades, and submits his claims against the Defendant herein.  In support thereof, Randy Rhoades, states the following:

## GENERAL ALLEGATIONS

1.      At all times material hereto, Plaintiff Randy Rhoades ("Plaintiff Rhoades"), was and is an individual and resident of the State of Iowa.

2.      At all times material hereto, Defendant Sentinel Insurance Company, Ltd. ("Defendant") was and is a corporation incorporated under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut and authorized to do business in the State of Iowa.

3.      The amount in controversy exceeds the jurisdictional requirements of the Iowa District Court in and for Clarke County.

## FACTUAL ALLEGATIONS

4.      At all times material hereto, Plaintiff Rhoades worked for Altec Industries Inc. ("Altec") at its factory location in Osceola, Clarke County, Iowa.

5.      Plaintiff Rhoades began work for Altec on August 15, 2016, as a technician assistant for various departments.

E-FILED  2023 FEB 23 9:37 AM CLARKE - CLERK OF DISTRICT COURT

6.      Through the course of his employment, Plaintiff Rhoades was routinely exposed to chemicals such as: styrene, resin, MEKP-9, and acetone.

7.      Defendant is Altec's workers' compensation insurance carrier.

8.      On February 2, 2022, while in the course and scope of performing his work duties as an employee of Altec, Plaintiff Rhoades began experiencing respiratory problems.

9.      Plaintiff Rhoades was placed on medical leave beginning February 3, 2022, due to his respiratory illness.

10.     Plaintiff Rhoades presented to Broadlawns Medical Center in Des Moines, Iowa on February 3, 2022, and was examined by Dr. Randy Maigaard.

11.     On February 10, 2022, Dr. Maigaard provided a letter summarizing Plaintiff Rhoades' medical condition at said time.

12.     At said time, Dr. Maigaarrd recommended that Plaintiff Rhoades remain off work and proceed with a lung biopsy.

13.     Plaintiff Rhoades remained off work and received short-term disability from February 22, 2022, through March 11, 2022.

14.     On March 29, 2022, following an open lung biopsy, treating pulmonologist Dr. Jason Wittmer diagnosed Plaintiff Rhoades with constrictive bronchiolitis and opined it was due to occupational exposures.

15.     On April 14, 2022, Plaintiff Rhoades reported his work injury to Breanna Sullivan, EH&S Manager at Altec and Michelle St. John at Altec.

16.     On April 18, 2022, an incident and protocol report was completed for said injury.

17.     At said time, Plaintiff Rhoades remained off work and continued to treat at Broadlawns medical center in Des Moines, Iowa.

18.    On April 18, 2022, Plaintiff Rhoades' workers' compensation attorney, Connor Mulholland ("Attorney Mulholland"), mailed Altec a letter of representation via certified mail.

19.    Attorney Mulholland's letter notified Altec of Plaintiff Rhoades' alleged injuries which arose out of and in the course of his employment and requested Altec immediately report this matter to their workers' compensation insurance carrier.

20.    Attorney Mulholland's letter of representation was received by Altec on April 21, 2022.

21.    Attorney Mulholland did not receive a response to said letter of representation.

22.    Attorney Mulholland filed Plaintiff Rhoades' workers' compensation Original Notice and Petition on May 17, 2022.

23.    Defendant's workers' compensation attorney, Jane Lorentzen ("Attorney Lorentzen"), filed an appearance to Plaintiff Rhoades' Original Notice and Petition on May 23, 2022.

24.    On June 13, 2022, two (2) months after Plaintiff Rhoades notified Altec of his injury, Attorney Lorentzen stated Plaintiff Rhoades' discovery answers and deposition were needed before determining whether or not the claim was accepted.

25.    On June 29, 2022, Attorney Mulholland served Attorney Lorentzen with records from Broadlawns Medical Center containing treating pulmonologist Dr. Jason Wittmer's diagnosis and opinion.

26.    On July 12, 2022, Attorney Mulholland served Attorney Lorentzen with additional medical records related to Plaintiff Rhoades' injuries.

27.     Plaintiff Rhoades' provided answers to Defendant's interrogatories on August 24, 2022.

E-FILED  2023 FEB 23 9:37 AM CLARKE - CLERK OF DISTRICT COURT

28.     Plaintiff Rhoades' deposition was taken on August 25, 2022.

29.     On August 30, 2022, Defendant's had not provided a basis as to why Plaintiff Rhoades' claim was denied.

30.     On August 30, 2022, Attorney Mulholland requested that Attorney Lorentzen provide a reasonable basis for why the claim was being denied despite records from the treating pulmonologist indicating Plaintiff Rhoades' condition was causally connected to his employment.

31.     On August 31, 2022, Attorney Mulholland filed an amended Original Notice and Petition.

32.     On September 6, 2022, Attorney Mulholland provided Attorney Lorentzen a letter from Dr. Jason Witmer again opining that Plaintiff Rhoades' constrictive bronchiolitis was causally-related to his employment with Altec.

33.     At said time, Plaintiff Rhoades had been off work for twenty (20) weeks without receiving any weekly workers' compensation benefits.

34.     On September 9, 2022, Attorney Mulholland requested that Attorney Lorentzen provide a reasonable basis for why the claim was being denied despite medical evidence indicating Plaintiff Rhoades' medical condition was causally connected to his employment.

35.     On September 16, 2022, Attorney Lorentzen filed an amended answer to Plaintiff Rhoades' amended original notice and petition denying Plaintiff Rhoades' claim.

36.     On September 21, 2022, Attorney Mulholland requested that Attorney Lorentzen provide a reasonable basis for why the claim was being denied.

E-FILED 2023 FEB 23 9:37 AM CLARKE - CLERK OF DISTRICT COURT

37.     On September 26, 2022, Attorney Lorentzen responded to Attorney Mulholland in a letter stating that Defendants were planning to submit Plaintiff Rhoades to an independent medical examination with Dr. Kuhnlein.

38.     On September 27, 2022, Attorney Mulholland requested Attorney Lorentzen provide details of when the appointment was scheduled.

39.     On September 27, 20222, Attorney Lorentzen responded no appointment had been scheduled.

40.     On October 13, 2022, Attorney Mulholland notified Attorney Lorentzen that Plaintiff Rhoades was dissatisfied with the lack of care that was being offered and provided notice to Attorney Lorentzen of Plaintiff Rhoades' alternate medical care petition.

41.     Attorney Mulholland filed Plaintiff Rhoades' alternate medical care petition on October 13, 2022, alleging Defendant's failed to provide any care pursuant to Iowa Code Section 85.27 after having notice of a work injury from February 2, 2022.

42.     On October 24, 2022, Attorney Lorentzen answered Plaintiff Rhoades' alternate medical care petition denying compensability for the injury.

43.     On October 24, 2022, Attorney Lorentzen notified Attorney Mulholland that Defendants scheduled Plaintiff Rhoades for an appointment with Dr. Kuhnlein on April 5, 2023, three hundred and seventy-six days (376) after Plaintiff Rhoades initially notified Altec of a work injury.

44.     On October 25, 2022, Deputy Andrew Phillips entered an order dismissing Plaintiff Rhoades' alternate medical care petition due to a denial of liability by the Defendant's.

E-FILED  2023 FEB 23 9:37 AM CLARKE - CLERK OF DISTRICT COURT

45.     On January 6, 2023, Attorney Mulholland provided an additional medical opinion from Dr. Patrick Hartley opining Plaintiff Rhoades' constrictive bronchiolitis was related to his occupational exposures to chemicals used in the course of his employment at Altec.

## COUNT I: BAD FAITH

46.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

47.     Defendant did not exercise reasonably good faith to investigate Plaintiff Rhoades' February 2, 2022, reported work injury.

48.     Defendant did not exercise reasonably good faith in meeting their obligation to provide weekly compensation benefits due to Plaintiff Rhoades.

49.     Defendant had no reasonable basis for denying weekly disability payments to Plaintiff Rhoades.

50.     Defendant's disregarded causation opinions of the treating doctors without a reasonable basis.

51.     Defendants did not have a medical basis to deny Plaintiff Rhoades' workers' compensation claim.

52.     All medical evidence suggests that Plaintiff Rhoades' constrictive bronchiolitis was directly related to exposure of chemicals through his work duties.

53.     Defendant knows and should know that its conduct does not have a reasonable basis in fact or law.

54.      Defendant failed to meet the statutory responsibility to investigate, act upon, monitor and otherwise administer and control Mr. Rhoades 2022 workers' compensation claim,

including the obligation to provide weekly compensation and to also provide and manage medical care for Plaintiff Rhoades' injuries.

     55.    Plaintiff Rhoades has been without income since reporting the injury on April 14, 2022.

     56.    As a result of the Defendant's breach of its duty of good faith as set forth above, Plaintiff Rhoades has been injured, and in such amount, as will be shown at trial herein including, but not limited to, the following:

     a.   Past physical and mental pain and suffering and injury;

     b.   Future physical and mental pain and suffering and injury;

     c.   Past loss of function of mind and body;

     d.   Deprivation of a statutory right afforded to Plaintiff;

     e.   Pain and suffering and mental distress associated with deprivation of the statutory right, loss of time, loss of weekly benefits, and/or treatment;

     f.   Past incurring of expenses, including but not limited to the incurring of attorney fees and expenses;

     g.   Future incurring of expenses, including but not limited to the incurring of attorney fees and expenses;

     h.   In such other ways as will be shown.

     57.    The conduct of Defendant in breaching the duty of good faith was sufficiently willful and wanton so as to entitle Plaintiff Rhoades to punitive or exemplary damages.

     WHEREFORE Plaintiff, Randy Rhoades, prays for judgment against Defendant, Sentinel Insurance Company, Ltd. Accident and Indemnity Company, for compensatory damages in a reasonable and proper amount, for punitive damages in a reasonable and proper amount, plus

interest as allowed by law and costs of this action and for such other and further relief as is just and proper in the circumstances.

**JURY DEMAND**

COMES NOW the Plaintiff, Randy Rhoades, and demands a trial by jury for all issues and causes of action that may be appropriately submitted to a jury.

Respectfully Submitted,

/s/ Dustin M. Mueller
Dustin M. Mueller AT0011944
Mueller, Schmidt, Mulholland & Cooling, PLLC
2711 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 444-4000
Facsimile: (515) 635-0082
E-mail: Dustin.Mueller@iowalawyers.com
ATTORNEY FOR PLAINTIFF

E-mailed to:

clausen@klasslaw.com
Timothy A. Clausen
Klass Law Firm, LLP
4280 Sergeant Road Ste. 290
Sioux City, IA 51106
ATTORNEYS FOR DEFENDANT

| CERTIFICATE OF SERVICE |
|---|
| The undersigned certifies that the foregoing instrument was served upon each of the attorneys of record of all parties to the above-entitled cause herein at their respective addresses disclosed on the pleadings of record on the 23rd day of February 2023. |
| By: ☐ U.S. Mail          ☐ FAX<br>     ☐ Hand Delivered    ☐ Overnight Courier<br>     ☐ Federal Express   ☒ E-mail |
| Signature: /s/ Jamie Blankenship |

E-FILED                    CVCV013056 - 2023 FEB 23 02:48 PM          CLARKE
                           CLERK OF DISTRICT COURT                   Page 1 of 2

## IOWA DISTRICT COURT IN AND FOR CLARKE COUNTY

| | |
|---|---|
| RANDY RHOADES<br>    Plaintiff,<br><br>vs.<br><br>HARTFORD ACCIDENT AND INDEMNITY<br>COMPANY<br>    Defendant. | 05201  CVCV013056<br><br>ORDER<br>GRANTING LEAVE |

If uncontested, Plaintiff's Motion for Leave to Amend filed on this date is granted.

If you need assistance to participate in court due to a disability, call the disability coordinator at (515) 286-3394 or information at https://www.iowacourts.gov/for-the-public/ada/. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

5RCV01

EXHIBIT

5

E-FILED                    CVCV013056 - 2023 FEB 23 02:48 PM                    CLARKE
CLERK OF DISTRICT COURT                    Page 2 of 2



State of Iowa Courts

| | |
|---|---|
| **Case Number** | **Case Title** |
| CVCV013056 | RANDY RHOADES V. HARTFORD ACCIDENT & |
| | INDEMNITY CO. |
| **Type:** | OTHER ORDER |

So Ordered

Patrick W. Greenwood, District Court Judge,
Fifth Judicial District of Iowa

Electronically signed on 2023-02-23 14:48:56